IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KWEKU ESHUN, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>LOCAL UNION 17,<br><br>    Defendant. | CASE NO. 1:19-cv-00256-EPG<br><br>ORDER GRANTING PLAINTIFF LEAVE TO FILE SUPPLEMENTAL EVIDENCE UNDER FEDERAL RULE OF CIVIL PROCEDURE 56(e)(1) |

Plaintiff, Kweku Eshun, is proceeding *pro se* in this action alleging violations under § 301 of the Labor Management Relations Act ("LMRA"), and state law claims for breach of contract, discrimination, and termination in violation of public policy. Plaintiff brought this action against Local Union Number 17, which is also known as the Glass, Molders, Pottery, Plastics & Allied Workers International Union, AFL-CIO, CLC, Local 17, and which has subsequently merged with United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, CLC (collectively, these unions are referred to as "Defendant" or the "Union"). Plaintiff alleges that the Union failed to properly represent him after his employer, Gallo Glass Company, terminated his employment, discriminated against him on the basis of race, and terminated him in violation of public policy under California law.

Both parties have filed motions for summary judgment (ECF Nos. 22, 25). The Court has conducted a preliminary review of the parties' filings. This review has revealed that Plaintiff has

failed to properly support assertions of fact that he makes and has failed to properly address Defendant's assertions of fact, as required to successfully move for or oppose summary judgment.

In short, Plaintiff's opposition, such as his statement of disputed facts (ECF No. 26), he states that certain things happened or were said. However, this is not evidence. Plaintiff must include evidence of what he believes happened or was said. *See* Fed. R. Civ. P. 56(c). If Plaintiff is claiming that certain things happened or were said because Plaintiff himself saw or heard them, he should file a declaration under penalty of perjury stating that "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct." Then he should explain what exactly he saw or heard. Then he should write "Executed on (date)." He should sign the declaration. *See* Fed. R. Civ. P. 56(c)(4).

Because Plaintiff is proceeding *pro se* in this action, the Court will provide Plaintiff an opportunity to remedy this deficiency in his opposition to Defendant's motion for summary judgment by allowing Plaintiff to file a declaration stating what Plaintiff personally saw or heard.[1] *See* Fed. R. Civ. P. 56(e)(1) (court may provide a party with the opportunity to properly support an assertion of fact or address the other party's assertion of fact).

IT IS ORDERED that Plaintiff may file, within forty-five (45) days of the date of this order, evidence in the form of a declaration, signed under penalty of perjury, stating what Plaintiff personally saw or heard that demonstrates that there are relevant and important factual disputes that need to be resolved at trial and that preclude granting summary judgment in favor of Defendant.

IT IS SO ORDERED.

Dated: __**August 27, 2020**__          /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE

---

[1] For example, Plaintiff could create a declaration based on assertions he makes in his statement of disputed facts (ECF No. 26), as long as those assertions are true and are based on what Plaintiff personally heard or saw.