UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KWEKU ESHUN,<br><br>             Plaintiff,<br><br>      v.<br><br>LOCAL UNION NUMBER 17,<br><br>             Defendant. | No.  1:19-cv-00256-EPG<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br><br>(ECF No. 43) |

The Court denied Defendant Local Union Number 17's motion for summary judgment on December 14, 2020. (ECF No. 42). On December 23, 2020, Defendant filed a motion for reconsideration, asking the Court to reconsider several of its holdings from that order. (ECF No. 43). Plaintiff Kewku Eshun, proceeding *pro se*, filed a memorandum in opposition on January 6, 2021. (ECF No. 49). For the following reasons, the Court denies Defendant's motion for reconsideration.

**I.     BACKGROUND**

Plaintiff filed a complaint against Defendant, his former union, in the Superior Court of California, County of Stanislaus, on January 17, 2019 for discrimination, breach of contract, and wrongful termination in violation of public policy. (ECF No. 1-1). Plaintiff had been terminated by his former employer, Gallo Glass Company, after he had a physical altercation with his coworker, Derek Rose. Plaintiff's claims concern how Defendant, acting through its

1

representative, David Hoffman, represented him in the grievance and arbitration that challenged his termination. (*Id.*). Defendant removed the action to this court on February 22, 2019. (ECF No. 1).

On March 20, 2020, Defendant filed a motion for summary judgment. (ECF No. 22). Most of the motion concerned the statute of limitations. Defendant argued that section 301 of the Labor Management Relations Act ("LMRA") preempts Plaintiff's claims and that his claims should therefore be viewed as breaches of Defendant's duty of fair representation under section 301. (ECF No. 23 at 12-15). Defendant then contended that Plaintiff's claims were barred by section 301's six-month statute of limitations because he filed his complaint nearly 20 months after his cause of action accrued. (*Id.* at 15). Defendant also argued that it did not breach its duty of fair representation. (*Id.* at 16-23). Defendant also briefly argued that it was entitled to summary judgment because Gallo Glass did not breach the collective bargaining agreement by terminating Plaintiff's employment and any non-preempted state-law claims failed as a matter of law. (*Id.* at 23-26).

On December 14, 2020, the Court granted Defendant's motion and part and denied it in part. (ECF No. 42). The Court found that section 301 preempted all of Plaintiff's claims other than a race-discrimination claim under California's Fair Employment and Housing Act. (*Id.* at 18-21).  The Court also granted summary judgment to Defendant on the Fair Employment and Housing Act claims. (*Id.* at 27-29).

Regarding the statute of limitations, it is undisputed that there is a six-month statute of limitations for actions brought under section 301. *Moore v. Local Union 569 of Int'l Bhd. of Elec. Workers*, 989 F.2d 1534, 1541 (9th Cir. 1993), *as amended* (June 28, 1993) (citing *DelCostello v. Int'l Bhd. of Teamsters,* 462 U.S. 151, 172 (1983)). The Court found that Plaintiff's claims accrued on May 19, 2017, when he found out that the arbitrator ruled against him and the statute of limitations expired on November 20, 2017. (ECF No. 42 at 22). Plaintiff filed his complaint on January 17, 2019, which was nearly 14 months after the statute of limitations expired. For that reason, the Court granted summary judgment to Defendant for four categories of Plaintiff's LMRA claims: (1) that Hoffman called Rose a "victim" in front of the arbitrator, (2) that

1  Hoffman represented both Rose and Plaintiff at the arbitration, (3) that Hoffman discriminated
2  against Plaintiff on account of his race in violation of his statutory duties, and (4) that Hoffman
3  did not like Plaintiff. (*Id.* at 22).

4  However, the Court concluded that the statute of limitations did not bar Plaintiff's claim
5  based on one limited set of facts: Plaintiff's sworn allegation that Anthony Arceneaux,
6  Defendant's vice president, told him that his Union representative, Hoffman, had told Gallo Glass
7  or the arbitrator not to reinstate Plaintiff. Plaintiff stated that Arceneaux told him this information
8  on September 14, 2018. (ECF No. 39 at 3). The Court found that this matter—whether Hoffman
9  told the arbitrator not to reinstate him—raised a genuine dispute of fact. The Court also found that
10 this fact, if true, tolled the statute of limitations by fraudulent concealment until September 14,
11 2018.  Because Plaintiff filed his lawsuit within six months of September 14, 2018, the Court
12 found that this limited claim was not barred by the statute of limitations.

## II.     MOTION FOR RECONSIDERATION

In Defendant's motion for reconsideration, Defendant argues the Court committed clear error because: (1) fraudulent concealment does not apply in this situation; (2) Plaintiff did not establish a causal connection between his injury and Hoffman's alleged comment; (3) Hoffman's alleged comment is inadmissible hearsay; and (4) Gallo Glass did not breach the collective-bargaining agreement, thereby entitling Defendant to summary judgment.

Plaintiff filed a memorandum in opposition on January 6, 2021. (ECF No. 49). He opposed reconsideration, stating that he already proved his case. (*Id.* at 2). Plaintiff also argued that Defendant discriminated against him by having its president and representative at the grievance tell the arbitrator that Rose should not be punished for Plaintiff's violent actions. (*Id.* at 2-3). Plaintiff questions whether Hoffman was his representative during the arbitration hearing. (*Id.* at 3). He also questions some of the tactics Hoffman took at the hearing, such as instructing Plaintiff to be nice to Rose. (*Id.*). Plaintiff argues that Defendant discriminated against him by treating Rose, who is white, more favorably than Plaintiff, who is African. (*Id.* at 3-4 & 5-6).

With respect to the statute of limitations, Plaintiff states that when he first found out that Rose, but not he, would be reinstated, he asked why but Arceneaux did not know the answer. It

3

was only later, when he spoke to Arceneaux a second time and received a copy of the arbitration award, that he learned about Hoffman's alleged off-the-record comment and other alleged misconduct. The second conversation occurred on September 14, 2018, and his January 17, 2019 complaint was timely filed within six months. (*Id.* at 4-5).

### III. LEGAL STANDARDS

Defendant brings this motion under Federal Rule of Civil Procedure 59(e).[1] Motions to reconsider summary judgment may be brought under Rule 59(e). *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). The Rule states that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." The Ninth Circuit has provided the following standards for such motions:

> Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." 12 James Wm. Moore et al., *supra* § 59.30[4]. Indeed, "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange Street Partners,* 179 F.3d at 665. A Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation. *See id.*

*Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); *accord Sch. Dist. No. 1J*, 5 F.3d at 1263 ("Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.").

### IV. DISCUSSION

#### A. Defendant's Motion Regarding Statute of Limitations

Defendant argues that the Court committed clear error by finding that, construing all disputed facts in Plaintiff's favor, Plaintiff adequately showed the statute of limitations was tolled by fraudulent concealment. Defendant argues that Plaintiff's claims accrued on May 19, 2017,

---

[1] Defendant mentions Rule 60(b) as an alternative basis for reconsideration but does not develop the argument. That argument is therefore waived. *See Khademi v. South Orange County Community College Dist*., 194 F. Supp. 2d 1011, 1027 (C.D. Cal. 2002) ("[T]o the extent that [Defendant] failed to develop any additional argument[s] or provide any legal support for them, [it] has waived them.").

4

when he learned about the arbitrator's decision, and the statute of limitations expired six months thereafter—approximately fourteen months before Plaintiff's January 2019 complaint. (ECF No. 44 at 11-14). Although Defendant concedes that, according to Plaintiff, he did not learn about Hoffman's alleged comment until September 2018, Defendant argues that he is not entitled to tolling and the statute of limitations bars his claim based on this information.

In its order, the Court ruled that Plaintiff's claim for breach of the duty of fair representation was tolled, as to his allegations about the off-the-record comments, until September 14, 2018:

> Plaintiff alleged that he did not learn that Hoffman told Gallo and the arbitrator off the record to reinstate only Rose until after May 19, 2017.  Specifically, Plaintiff alleges that on September 14, 2018, Plaintiff asked Arceneaux why Rose got his job back but he did not. "Arceneaux told me that it was Mr. David Hoffman told the Gallo Glass Company and the Arbitrator not to reinstate my employment[.]" (ECF No. 39 at 3).
>
> Construing this allegation as true for purposes of summary judgment only, the Court finds that Plaintiff is entitled to tolling as to this specific allegation only. Again, "[t]he following elements are required to toll a statute of limitations on the basis of fraudulent concealment: (1) fraudulent concealment by the party raising the statute of limitations defense; (2) the other party's failure to discover the facts that are the basis for a cause of action despite (3) the exercise of due diligence." *Eason*, 2007 WL 2255231 (citing *NLRB v. Don Burgess Const. Co.*, 596 F.2d 378, 383 n.2 (9th Cir. 1979)).  Here, Plaintiff's alleges that Defendant's representative, Hoffman, stated off the record, and outside Plaintiff's hearing, something contrary to what he was saying on the record, *i.e.*, that the arbitrator should not reinstate him.  This, if true, indicates that Defendant, acting through Hoffman, concealed the fact; that Plaintiff failed to discover the fact until September 14, 2018; and Plaintiff sufficiently exercised due diligence. Plaintiff is thus entitled to tolling until that date.

(ECF No. 42 at 23) (brackets in original).

Defendant relies on *Santa Maria v. Pacific Bell*, 202 F.3d 1170 (9th Cir. 2000), to argue against tolling. There, Pacific Bell fired Santa Maria after his disability leave ended. Santa Maria initially sued for gender and age discrimination. During discovery, he learned that his supervisors had misled him about what his doctor told them about his disability leave. *Id.* at 1173-74. Santa Maria amended his complaint to add a disability discrimination claim after the statute of limitations for the claim had expired and sought to rely on fraudulent concealment to toll the

5

statute of limitations. *Id.* at 1175.

The court determined that "[f]raudulent concealment necessarily requires active conduct by a defendant, above and beyond the wrongdoing upon which the plaintiff's claim is filed, to prevent the plaintiff from suing in time." *Id.* at 1177. The Ninth Circuit favorably quoted a Seventh Circuit case concerning age discrimination for this rule:

> In *Cada* [*v. Baxter Healthcare Corp.*, 920 F.2d 446 (7th Cir. 1990)]*,* the plaintiff attempted to invoke equitable estoppel to excuse his failure to file an EEOC charge within the requisite time. He claimed that his former employer had engaged in fraudulent concealment in concocting a sham reorganization plan in order to fire him because of his age. He argued that the employer's fraudulent conduct equitably estopped it from asserting the plaintiff's untimely EEOC filing. The Seventh Circuit rejected this attempt to apply equitable estoppel in these circumstances. The court reasoned that to do so would merge the tolling doctrine with the substantive wrong, and would virtually eliminate the statute of limitations in age discrimination cases as it would "imply that a defendant is guilty of fraudulent concealment unless it tells the plaintiff, 'We're firing you because of your age.' " *Cada,* 920 F.2d at 451.

*Id*. (alteration omitted).

Under the rule the Ninth Circuit announced, Santa Maria was not entitled to tolling for equitable estoppel:

> Santa Maria has conflated the allegation of the failure to accommodate with an attempt to fraudulently conceal that wrong. In this case, the allegation that PacBell *claimed* to be accommodating Santa Maria's disability but did not *do* so is not sufficiently distinct from the underlying claim of PacBell's failure to accommodate to constitute the additional active conduct required to constitute fraudulent concealment and to invoke equitable estoppel.

*Id*. at 1178 (emphases in original).

However, this case is distinguishable for two notable reasons. First, the plaintiff, Santa Maria, had knowledge of the existence of the concealed information, whereas here, Plaintiff did not. In *Santa Maria*, the plaintiff complained that the defendant misled him about what his own doctor told the defendant in writing, but the plaintiff was at least aware that there was a letter from his doctor to the defendant. In fact, in support of its holding, the Ninth Circuit noted in italics that "*Santa Maria knew that his doctor had sent a letter to PacBell*," but that "he neither saw nor requested a copy of it." *Id.* at 1174. But here, Hoffman represented Plaintiff at the hearing in favor of Plaintiff's statement, but then allegedly told the arbitrator not to reinstate

6

Plaintiff off the record. Plaintiff did not know, and had no reason to know, that Hoffman had an *ex parte* communication with the arbitrator off the record. Unlike Santa Maria, who could have asked for a copy of the doctor's letter, Plaintiff was not privy to the alleged conversation between Hoffman and the arbitrator and so could not have asked about it.

Second, viewing the facts in the light most favorable to Plaintiff, Hoffman took an additional step to conceal his fraud: he ordered Arceneaux only to tell Plaintiff the outcome of the hearing in May 2017. (ECF No. 39 at 2-3) ("I asked Mr. Arceneaux can I get the arbitration decision award document so I can read and see what went wrong for me not to get my employment back and Mr. Arceneaux told me that Mr. Hoffman only inform him to tell me. … [Arceneaux] told me that Mr. David Hoffman only told [Arceneaux] to tell me not to give the award document[.]"). This is unlike *Santa Maria* because under Plaintiff's theory of the case, Hoffman took an additional step to conceal his conversation by ordering Arceneaux not to provide Plaintiff with more information.

Defendant mischaracterizes the Court's finding as "conflat[ing] Mr. Eshun's allegation – that Mr. Hoffman secretly told the arbitrator not to reinstate him – with the Union's alleged fraudulent concealment." (ECF No. 44 at 12). This is incorrect. It would be a breach of the duty of fair representation to tell the arbitrator not to reinstate Plaintiff's employment while supposedly representing Plaintiff. It would be fraudulent concealment to do this off the record in an *ex parte* conversation with the arbitrator when otherwise purporting to represent Plaintiff on the record.

Defendant also characterizes Hoffman's alleged actions as "silence or passive conduct" and thus "not deemed fraudulent." (*Id.* at 12 n.1) (quoting *Rutledge v. Boston Woven Hous. & Rubber Co.*, 576 F.2d 248, 250 (9th Cir. 1978). To tell an arbitrator off the record to go against the party one represents is not "silence or passive conduct." Moreover, "[t]he principle that passive concealment is insufficient for a court to grant equitable tolling under the doctrine of fraudulent concealment bears one caveat—unless the defendant had a fiduciary duty to disclose information to the plaintiff." *Thorman v. Am. Seafoods Co.*, 421 F.3d 1090, 1096 (9th Cir. 2005); *accord Thibodeaux v. Teamsters Local 853*, 263 F. Supp. 3d 772, 778 (N.D. Cal. 2017) ("Although not specifically pleaded, the Court assumes without deciding that Local 853's duty of

7

fair representation imposed on Local 853 the same duty to disclose owed by a fiduciary."); *cf. Air Line Pilots Ass'n, Int'l v. O'Neill*, 499 U.S. 65, 74 (1991) ("The duty of fair representation is thus akin to the duty owed by other fiduciaries to their beneficiaries."). Therefore, this argument does not sway the Court.[2]

For these reasons, the Court will not reconsider its denial in part of Defendant's motion on the basis of statute of limitations.

### B. Plaintiff's Opposition Regarding Statute of Limitations

Although Plaintiff did not file his own motion for reconsideration, Plaintiff's opposition largely asks the Court to reconsider the rest of the Court's order, which found that most of Plaintiff's factual allegations were in fact barred by the statute of limitations, because Plaintiff did not timely receive an arbitration award. (ECF No. 49). With respect to all allegations other than Hoffman's off-the-record comments, the Court found no basis to toll the statute of limitations;

> Plaintiff has not asserted any basis for tolling or fraudulent concealment regarding these allegations. The facts underlying these allegations occurred, and were known to Plaintiff, before May 19, 2017. There are no facts establishing concealment by Defendant as to those facts.

(ECF No. 42 at 22).

This was not an error. Plaintiff's other allegations—that Hoffman called Rose the victim of Plaintiff's violent action at the arbitration, that Hoffman represented both Plaintiff and Rose, that Hoffman discriminated against Plaintiff on account of his race, and that Hoffman did not like Plaintiff—all concerned what Defendant or Hoffman did before or at his arbitration hearing.

---

[2] Although the Court's initial order did not rely on equitable tolling, *Santa Maria* may provide another legal basis for denying summary judgment on statute of limitations for this part of Plaintiff's claim:
> Equitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim. Unlike equitable estoppel, equitable tolling does not depend on any wrongful conduct by the defendant to prevent the plaintiff from suing. Instead it focuses on whether there was excusable delay by the plaintiff. If a reasonable plaintiff would not have known of the existence of a possible claim within the limitations period, then equitable tolling will serve to extend the statute of limitations for filing suit until the plaintiff can gather what information he needs. However, equitable tolling does not postpone the statute of limitations until the existence of a claim is a virtual certainty.

202 F.3d at 1178 (citations omitted). Thus, for equitable tolling, "all one need show is that by the exercise of reasonable diligence the proponent of tolling could not have discovered essential information bearing on the claim." *Socop-Gonzalez v. I.N.S.*, 272 F.3d 1176, 1185 (9th Cir. 2001) (quoting *In re Gardenhire*, 220 B.R. 376, 382 (B.A.P. 9th Cir. 1998), *rev'd*, 209 F.3d 1145 (9th Cir. 2000)). Here, construing disputed facts in favor of Plaintiff, a reasonable plaintiff would not have known of the existence of a possible claim based on an off-the-record comment within the limitations period, and thus Plaintiff could be entitled to tolling. Plaintiff's diligence was discussed *supra*.

8

1 Plaintiff thus knew the relevant information before he received the arbitrator's decision. In fact, Plaintiff bases his argument in part on the transcript of the arbitration hearing. (*See, e.g.,* ECF No. 49 at 9) (attaching page of transcript of arbitration hearing to Plaintiff's opposition). Plaintiff was at that hearing. Therefore, there is no basis for tolling.

"Failure of an employee to receive a copy of an arbitration decision does not toll the running of limitations periods in § 301 actions when he knows what the union has done to represent his interests and essentially the disposition of his grievance." *Dowty v. Pioneer Rural Elec. Co-op., Inc.*, 770 F.2d 52, 57 (6th Cir. 1985); *cf. Galindo v. Stoody Co.*, 793 F.2d 1502, 1509 (9th Cir. 1986) ("[W]here a duty of fair representation suit seeks to overturn an unfavorable arbitration award on the ground that the union committed errors in the arbitration proceedings, the claim accrues when the employee learns of the arbitrator's award."). Therefore, the Court will not reconsider its order to the extent it granted summary judgment in part based on the statute of limitations.

**C.     Defendant's Motion Regarding Hoffman's Statement**

In its motion for reconsideration, Defendant also asks the Court to reconsider its ruling as to Hoffman's alleged statement to the arbitrator on two grounds. First, Defendant argues that the Court committed clear error because Plaintiff failed to establish a causal connection between the alleged comment and Plaintiff's unsuccessful grievance, particularly in light of the gravity of the allegation. (ECF No. 44 at 14-16). Second, Plaintiff argues that the statement is inadmissible hearsay and is not admissible as an opposing party's statement. (*Id.* at 16-17).

1.     Causal Connection and Likelihood of Statement

Regarding whether Plaintiff can establish a causal connection between the alleged comment and his termination, Defendant's original motion for summary judgment did not make this argument. (*See* ECF No. 23). Nor did its reply. (*See* ECF No. 28). The argument was therefore waived for purposes of summary judgment. *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) ("A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."); *Mesa Grande Band of Mission Indians v. Salazar*, 657 F. Supp. 2d 1169, 1173 (S.D.

Cal. 2009) ("Arguments not raised in the opening brief are ordinarily waived[.]"); *United States v. Romm*, 455 F.3d 990, 997 (9th Cir. 2006) ("We decline to consider this issue here because arguments not raised by a party in its opening brief are deemed waived.").

In its motion for reconsideration, Defendant points to part of a supplemental brief to claim it was properly raised in its motion for summary judgment. Specifically, the Court permitted the parties to file "a supplemental brief up to 5 pages in length addressing the legal standards for conflicts of interest in union cases." (ECF No. 31). Conflict of interest is not related to causation, and the supplemental brief did not expand the basis for Defendant's motion for summary judgment. Moreover, the paragraph Defendant relies on in its supplemental brief is tenuously related to this issue, at best. On pages 5 and 6 of its supplemental brief, Defendant argued that Plaintiff "cannot establish [a] causal connection" because, despite Plaintiff's argument otherwise, "the arbitration transcript establishes that … Hoffman actually devoted most of the Union's case to advocating for Mr. Eshun's reinstatement." (ECF No. 33 at 5-6). This is a far cry from asserting a separate basis for summary judgment on the ground that there is no causal connection between Hoffman's *off-the-record* comment and the arbitrator's decision.

Nevertheless, turning to the merits, Defendant argues that there must be a strong showing that any breach of the duty of fair representation caused the plaintiff's injury. (ECF No. 44 at 14-15). Defendant cites *Ackley v. Western Conference of Teamsters*, 958 F.2d 1463, 1473 (9th Cir. 1992). There, the Ninth Circuit considered what a plaintiff must show at summary judgment to prevail on a duty-of-fair-representation claim that challenges a union's negotiation of a collective-bargaining agreement. The plaintiffs, who were members of the defendant union, argued that the union breached its duty by not disclosing certain proposed changes to the collective bargaining agreement before a ratification vote. *Id.* at 1467-68. In order to succeed on their claim, the plaintiffs had to show that had the ratification vote been different, "the company would have acceded to the union's demands." *Id.* at 1472. The court noted that "test for causality, and particularly the [aforementioned] prong, is difficult to satisfy, and rightly so," given that "[a] union's conduct during bargaining need only fall within a wide range of reasonableness to survive judicial review." *Id.* The Ninth Circuit concluded that the plaintiff there had not met its burden

because the "proffered no evidence whatsoever that [their employer] would have been disposed to agree to more generous terms had the union rejected the proposed 1988-1991 agreement a third time." *Id.*

But Plaintiff's claim concerns a grievance, not a negotiation for a collective-bargaining agreement with a heightened causality standard. Defendant notes that some courts have applied this heightened standard to the grievance context, but it cites no binding precedent. In fact, the only published cases it cites to are in other circuits. (*See* ECF No. 44 at 15).

Moreover, Plaintiff alleges that Arceneaux said that Hoffman's comment *was* the reason that he was not reinstated. Again, Plaintiff has alleged under penalty of perjury that Arceneaux disclosed Hoffman's conversation after Plaintiff asked Arceneaux "how Mr. Derek Rose got his job back and I didn't[.]" (ECF No. 39 at 3). For purposes of summary judgment, Plaintiff has put forth disputed allegations regarding causation.

Next, Defendant argues that Plaintiff has failed to proffer sufficient evidence showing that Hoffman made the alleged statement:

> An allegation of this magnitude should not be given credence by a federal court without something more than a double hearsay statement offered by a self-interested plaintiff pursuing litigation without the benefit of professional representation by competent and ethical legal counsel. There is simply no evidence to support such an outlandish and inflammatory accusation. On the contrary, the Arbitrator's award carefully considered mitigating factors, the Union's evidence of disparate treatment, and the Company's policies. In sum, Plaintiff has offered no credible evidence that Mr. Hoffman made an improper *ex parte* statement to the Arbitrator, and no evidence at all that such a statement influenced the Arbitrator's reasoned decision.

(ECF No. 44 at 16). Relatedly, Defendant argues in a footnote that a Gallo Glass employee declared that Hoffman "never represented to Gallo Glass Company, verbally or in writing, the Gallo Glass Company should not reinstate Mr. Eshun to his former position at the company."

Although Defendant has put forth substantial evidence contradicting Plaintiff's version of events, whether the statement occurred remains a dispute of fact. Under "the traditional summary judgment standard," the court "has the responsibility to construe all facts in the light most favorable to the non-moving party[.]" *Nelson v. City of Davis*, 571 F.3d 924, 928 (9th Cir. 2009). "Although the source of the evidence may have some bearing on its credibility and on the weight

11

it may be given by a trier of fact, the district court may not disregard a piece of evidence at the summary judgment stage solely based on its self-serving nature." *Nigro v. Sears, Roebuck & Co.*, 784 F.3d 495, 497 (9th Cir. 2015). In addition, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 923 n.4 (9th Cir. 2011) (quoting *Erickson v. Pardus,* 551 U.S. 89, 94 (2007)). Plaintiff has proffered evidence under penalty or perjury in support of his claim indicating that Hoffman made the statement. The Court must accept it as true. Therefore, Defendant has not shown the Court clearly erred in finding a genuine dispute of material fact.

    2.  Hearsay

Defendant next argues that the statement at issue was inadmissible hearsay. (ECF No. 4 at 16-17). The Court concluded in its order that Plaintiff's declaration was non-hearsay because it was an opposing party's statement:

> Here, Plaintiff declares that "Mr. Arceneaux told me on September 14, 2018 that Mr. David Hoffman who told Gallo Glass Company and arbitration not to reinstate me . . . ." (ECF No. 39 at 4-5). Both Arceneaux and Hoffman are agents of the opposing party, *i.e.,* Defendant. (ECF Nos. 22-12 at 5 (Arceneaux's declaration that he was Defendant's president); 22-3 at 3-4 (Hoffman's declaration that as international representative to Defendant, he was Plaintiff's representative at arbitration)). Moreover, the statement relates to a matter within the scope of each agent's employment, *i.e.*, the Union's representation of Plaintiff against Gallo.  Therefore, this allegation is not hearsay when used against Defendant because the two statements referenced are admissions of party opponent. *See* Fed. R. Evid. 801(d)(2)(D).  Defendant's objection to this evidence is overruled for purposes of this motion for summary judgment.

(ECF No. 42 at 24).

In its motion for reconsideration, Defendant argues that the local union is the defendant, not Hoffman. "It is undisputed that Mr. Hoffman was employed by the international union, not the local union, when he represented Mr. Eshun at the arbitration hearing." (ECF No. 44 at 16-17). Defendant further argues that local and international unions are different entities and there is no agency relationship between them.

The Court inquired about Defendant's hearsay objections at the June 5, 2020 hearing.

12

When asked whether the statement was admissible under the party-opponent rule, Defendant's counsel replied: "I think under the party-opponent rule that it may be admissible." Nowhere did Defendant raise the objection it now raises in its motion for reconsideration regarding Mr. Hoffman's work for the international rather than local union. The argument was waived for purposes of summary judgment and may not be the basis for reconsideration.[3]

### D. Breach of Collective Bargaining Agreement

Finally, Defendant argues the Court committed clear error in denying Defendant's motion on the ground that no reasonable jury could find that Gallo Glass breached the collective bargaining agreement by firing Plaintiff. (ECF No. 44 at 17-18).

In its motion for summary judgment, Defendant briefly argued that Plaintiff's duty of fair representation claims fail because he did not establish that Gallo violated the collective bargaining agreement:

> As discussed above, to prevail on a duty of fair representation claim against the Union, Mr. Eshun must also show that the Company violated the collective bargaining agreement by terminating his employment. *DelCostello*, 462 U.S. at 164-65. As discussed above, it is undisputed that Mr. Eshun violently attacked a coworker. (Jt. Statement of Undisputed Facts at ¶¶ 9, 12, 40). Despite the Union's best efforts to win Mr. Eshun's job back, a well-respected and experienced arbitrator found that the Company had just cause to terminate Mr. Eshun's employment. (*Id*. at ¶ 44). That fact alone is sufficient to warrant summary judgment on this prong of the "hybrid" Section 301 / duty of fair representation claim.

(ECF No. 23 at 23). In a footnote, Defendant pointed out that it took a different stance during the grievance process because "the Union occupies a different role as a defendant in this litigation than it did when it was Plaintiff's advocate during the grievance process." (*Id.* at 23 n.3.)

---

[3] This ruling does not prevent Defendant from moving to exclude this evidence at trial or in a *motion in limine*. The Court notes that this evidentiary issue appears far from simple. Here, Hoffman represented Plaintiff in the local dispute with Gallo Glass. To determine this issue, the Court would need a much better understanding of Hoffman's role in this arbitration proceeding and whether any comments he made were on behalf of his work for the local union or the international union. *See* Fed. R. Evid. 801(d)(2). After all, Plaintiff is suing Defendant Local Union No. 17 for its representation through Hoffman. Defendant cites *Carbon Fuel Co. v. United Mine Workers*, 444 U.S. 212, 216 (1979), and *Moore*, 989 F.2d at 1543, to show that there is no agency relationship between local and international unions. Those cases do not hold there can never be such a relationship. Instead, *Carbon Fuel*, to which *Moore* cites, holds that an international union can be held liable for a local union's strike that violates a collective bargaining agreement only if it instigates, supports, ratifies or encourages such a strike. That is not the issue here. Here, a local union appears to have used an international union employee as an arbitration representative.

1  The Court rejected this argument:

> The Court declines to grant summary judgment on this basis.  Far from being beyond dispute, this issue was the subject of a lengthy arbitration where the Union itself represented that the Company did violate the collective bargaining agreement by terminating Plaintiff. Moreover, Plaintiff has put forth disputed facts regarding his culpability in the altercation. Defendant has failed to meet its burden on summary judgment to show that it is undisputed that the Company did not violate the collective bargaining agreement by terminating him. See Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that . . . the movant is entitled to judgment as a matter of law." (emphasis added)).

(ECF No. 42 at 27).

Defendant's motion for reconsideration fails to raise any error of law or fact in the Court's order. *See Kona Enterprises, Inc.*, 229 F.3d at 890 ("A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.").

**V.  ORDER**

Accordingly, IT IS HEREBY ORDERED that Defendant's motion for reconsideration (ECF No. 43) is DENIED.[4]

IT IS SO ORDERED.

Dated:   **April 13, 2021**               /s/ Erica P. Grosjean
                                          UNITED STATES MAGISTRATE JUDGE

---

[4] Although the Court is denying Defendant's motion for reconsideration, it is worth emphasizing that the Court's order on the motions for summary judgment have greatly narrowed the scope of Plaintiff's case. Plaintiff's complaint asserted many reasons he believed that Defendants violated their obligations to him, and the Court has now held that most of those theories will not be admissible at trial. Moreover, Defendant's motion for reconsideration raised many issues that will need to be addressed at trial.  Again, the Court's ruling on summary judgment construed all disputed evidence in favor of Plaintiff, but a jury will not do so.  Moreover, the one factual scenario that remains in this case is subject to many conflicting statements by other witnesses as well as a colorable evidentiary objection. The Court hopes that this order will further clarify to the parties what remains in this case and what does not. The Court continues to encourage the parties to discuss a mutual resolution to this matter and may issue orders that further encourage the parties to do so.