UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KWEKU ESHUN,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>LOCAL UNION NUMBER 17,<br><br>　　　　　　Defendant. | Case No. 1:19-cv-00256-EPG<br><br>ORDER REQUIRING PARTIES TO PARTICIPATE IN SECOND SETTLEMENT CONFERENCE<br><br>ORDER APPOINTING LIMITED PURPOSE COUNSEL FOR SETTLEMENT<br><br>ORDER DENYING STIPULATION TO REOPEN DISCOVERY WITHOUT PREJUDICE<br><br>(ECF No. 56) |

　　　　Plaintiff Kweku Eshun ("Plaintiff") is proceeding *pro se* in this action against Defendant Local Union Number 17 ("Defendant").

　　　　On May 4, 2021, the Court held a status conference to discuss the status of this case. As discussed at the conference, in light of the Court's orders granting in part and denying in part Defendant's motion for summary judgment, denying Plaintiff's cross-motion for summary judgment, and denying Defendant's motion for reconsideration (ECF Nos. 42, 54), the Court will require the parties to participate in a second settlement conference. If the case does not settle, the Court will set a pretrial conference and trial date.

　　　　Additionally, as explained further on the record, the Court will deny the parties'

1

stipulation to reopen discovery without prejudice because the stipulation does not establish good cause to modify the Scheduling Order and is not specific and limited as to the additional discovery it seeks. (*See* ECF No. 56.) If the parties elect to refile their request to modify the Scheduling Order, they should address the scope of any discovery they plan to conduct as well as the reasons why that discovery was not completed before the applicable deadline for non-expert discovery expired.

The Court further finds that appointment of pro bono counsel for Plaintiff is warranted for the limited purpose of assisting Plaintiff to prepare for and participate in a settlement conference. Attorney Lisa V. Ryan has been selected from the Court's Pro Bono Attorney Panel to represent Plaintiff for this limited purpose and has agreed to be appointed. While the Court is appointing Ms. Ryan to serve as counsel for Plaintiff for this limited purpose, the Court notes that Plaintiff is not proceeding *in forma pauperis* in this case and therefore does not qualify for reimbursement of expenses from the Court's Non-Appropriated Fund pursuant to General Order No. 558.

Accordingly, IT IS HEREBY ORDERED that:

1. The parties' Stipulation to Reopen Discovery (ECF No. 56) is DENIED without prejudice.
2. Lisa V. Ryan is appointed as limited purpose counsel for Plaintiff in the above entitled matter. This appointment is for the limited purpose of assisting Plaintiff with preparing for and participating in a settlement conference.
3. Ms. Ryan's appointment will terminate fifteen days after completion of the settlement conference, or any continuation of the settlement conference. Prior to the termination of the appointment, if the case has not settled, the Court will accord counsel the option of proceeding as Plaintiff's appointed counsel through trial.
4. Counsel for the parties are directed to meet and confer regarding their ability for a settlement conference and to contact Sujean Park (spark@caed.uscourts.gov) within 14 days of this order to schedule a settlement conference.

///

5. Appointed counsel shall notify Sujean Park at (916) 930-4278, or via email at spark@caed.uscourts.gov, if she has any questions related to the appointment.

6. The Clerk of Court is directed to serve a copy of this order on Plaintiff at his address of record and on Lisa V. Ryan, Cook Brown LLP, 2407 J Street, Second Floor, Sacramento, CA 95816.

IT IS SO ORDERED.

Dated: **May 4, 2021**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE